■ In the Matter of DAVID KESTENBAUM, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR

article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed pursuant to article 22 of the Tax Law.

Petitioner was a partner in the accounting firm of David Kestenbaum & Company until he retired in 1953. On February 26, 1965, the three succeeding partners of David Kestenbaum & Company executed a partnership agreement which, *inter alia,* provides that in recognition of past services to the partnership, petitioner would receive a pension of $250 per week for life. It is undisputed that the partnership was located in New York and that from 1970 through 1974, petitioner was a resident of Florida and neither filed a New York income tax return nor reported the $250 per week payments as New York income.

The Audit Division of the State Department of Taxation and Finance issued a statement of audit changes and assessed a deficiency for the years 1969 through 1974 in the amount of $6,659.96, including interest and penalty.[1] Petitioner challenged this assessment, claiming, *inter alia,* that because he was a nonresident and his pension under the February 26, 1965 partnership agreement constituted an annuity as defined in 20 NYCRR 131.4 (d) (2), the pension was not taxable for New York personal income tax purposes (see 20 NYCRR 131.4 [d] [1]). Respondent, *inter alia,* rejected petitioner's claim, concluding that petitioner's pension did not satisfy the requirements of the annuity rule set forth in 20 NYCRR 131.4 (d) because that rule applies only to employees and petitioner, as a partner, was not an employee. Respondent thus determined that the money received by petitioner arose from business activities in New York and was taxable as a distributive share of partnership income in accordance with sections 632 (subd [a], par [1], cl [A]), and 637 of the Tax Law. Petitioner thereafter commenced this proceeding, which has been transferred to this court, to challenge respondent's determination.[2]

We reject the contention that sections 637 and 632 (subd [a], par [1], cl [A]) of the Tax Law, relied on by respondent in its determination, are applicable. Section 632 (subd [a], par [1], cl [A]) of the Tax Law provides that any distributive share of partnership income, gain, loss and deduction is included in the New York adjusted gross income of a nonresident. Section 637 (subd [a], par [1]) of the Tax Law further clarifies the above by

---

1. The charges against petitioner for 1969 have been canceled and are not now at issue.

2. Certain minor modifications of the 1970-1974 deficiencies ordered by respondent are not at issue in this proceeding.

requiring that the New York adjusted gross income of a nonresident partner of any partnership includes only the portion derived from or connected with New York sources of the partner's distributive share which enters into the partner's Federal adjusted gross income. Accordingly, an amount will be included in a partner's New York adjusted gross income if it is, *inter alia,* a distributive share of partnership income under Federal law.

Under title 26 (§ 704, subd [a]) of the United States Code (Code), a partner's distributive share is determined by the partnership agreement. In this case, the partnership agreement dated February 26, 1965 distributed 100% of the partnership's income and losses among three individuals other than petitioner. Thus, under the partnership agreement of February 26, 1965, petitioner had no interest in the partnership and received no distributive share under subdivision (a) of section 704 of the Code.

Furthermore, there was no distributive share under section 736 of the Code, which concerns "[p]ayments made in liquidation of the interest of a retiring partner". The "liquidation of a partner's interest" means the termination of a partner's entire interest in the partnership by means of distribution to the partner by the partnership (US Code, tit 26, § 761, subd [d]). The payments under the February 26, 1965 partnership agreement were not to a retiring partner and were not made to liquidate petitioner's interest in the partnership. At the time of that agreement, petitioner had been retired from the partnership for some 12 years and petitioner had no interest to terminate. Also, the payments were expressly in recognition of past service to the partnership and not to terminate petitioner's interest in the partnership. Thus, the payments were not made in liquidation of the interest of a retiring partner and cannot be considered a distributive share under section 736 of the Code.

Under these circumstances, the payments received by petitioner under the February 26, 1965 partnership agreement did not constitute a distributive share of the partnership. Therefore, respondent's reliance on sections 632 (subd [a], par [1], cl [A] and 637 of the Tax Law for the proposition that the money received by petitioner was a distributive share of partnership income and taxable to New York was erroneous and the determination must be annulled. We note that our scope of judicial review is limited to considering the grounds invoked by the administrative agency and we are unable to confirm an agency's determination for reasons not advanced by the agency (see, e.g., *Matter of Parkmed Assoc. v New York State Tax Comm.,* 60 NY2d 935). This resolution makes it unnecessary to consider the other issues raised in this proceeding.

Determination annulled, without costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.