■ In the Matter of GEORGE B. PIDOT, Petitioner, v STATE TAX COMMISSION, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner, a partner in the New York City law firm of Shearman & Sterling since 1948, retired as of December 31, 1977 and moved to Florida, where he has been a resident since January 1, 1978. Upon his retirement, the law firm paid petitioner in full for his share of the firm's capital. Thereafter, he received annual retirement benefits from the firm pursuant to a formula set forth in the partnership agreement. On his 1981 New York nonresident income tax return, petitioner reported income of $172,186, of which $136,324 was listed as income from the partnership and $35,862 was listed as other income. Petitioner filed a claim for a refund, asserting that his income was nontaxable. After an administrative review process, the denial of petitioner's claim was sustained by respondent and this CPLR article 78 proceeding ensued.

Petitioner claims that he is a nonresident who is receiving a pension which constitutes an annuity and that, therefore, pursuant to 20 NYCRR 131.4 (d), the income is nontaxable. Respondent declared that the annuity rule of 20 NYCRR 131.4 (d) applies only to former employees, not former partners, and that the law firm's payment to petitioner was properly considered a guaranteed payment under 26 USC § 736 (a), so that petitioner continues to be viewed as a partner for tax purposes. Respondent concluded, therefore, that petitioner's income from the law firm was taxable in accordance with Tax Law § 632 (a) (1) (A) and § 637 as petitioner's distributive share of partnership income. In *Matter of Kestenbaum v State Tax Commn.* (107 AD2d 955), this court recently annulled a determination of respondent which was based on identical reasoning under similar circumstances. We reach the same conclusion here.

Since petitioner retired from the law firm and received a payment fully liquidating his interest in the partnership in 1977, the payment to petitioner by the firm in 1981 was not a guaranteed payment under 26 USC § 736 (a) *(see, Matter of Kestenbaum v State Tax Commn., supra,* p 957). It is undisputed that upon his retirement in 1977, petitioner retained no interest in the partnership; he could not participate in partnership profits, nor was he liable for partnership losses. Pursuant to the partnership agreement, petitioner was entitled to an annual payment by the partnership of an amount fixed at the time of his retirement, using a formula based upon petitioner's five highest earning years as a partner. Although the agreement provided that all payments to retired partners would be reduced in any year in which the partnership's net income failed to exceed certain criteria, the unpaid amounts remained due and owing, to be paid in subsequent years when the limitation did not apply. Such a potential deferral of a portion of the payment does not provide a rational basis for concluding that the payment is a distributive share of partnership income. Respondent argues here that the record supports a finding that the payments to petitioner represent the continuing income received by the law firm as a result of petitioner's contribution to the partnership. However, respondent made no such finding and, therefore, we cannot consider this argument *(see, Matter of Parkmed Assoc. v New York State Tax Commn.,* 60 NY2d 935, 936). Simply stated, the partnership agreement establishes that petitioner had no interest in the partnership and received no distributive share of partnership income *(see, Matter of Kestenbaum v State Tax Commn., supra,* p 957).

Respondent's determination is based in part upon its ruling that the annuity regulation (20 NYCRR 131.4 [d]) applies only to former employees. It is argued that this ruling must be sustained since it constitutes a permissible interpretation of a regulation. However, we see nothing in the language of the relevant statute concerning annuities (see, Tax Law § 632 [b] [2]) which would justify disparate tax treatment for former employees and former partners who retain no interest in the partnership and do not share in ·partnership profits or losses. Respondent offered no rationale for such disparate treatment. The Attorney-General, arguing on respondent's behalf, seeks to sustain the distinction upon the theory that once it is determined that a payment to a former partner constitutes a distributive share of partnership income, the annuity rule cannot be applied. Respondent, however, appears to have used converse reasoning, concluding that since the annuity rule is not applicable to a former partner, the payment constituted a distributive share of partnership income. In any event, as noted above, the determination that the payment to petitioner constituted a distributive share of partnership income lacks a rational basis (see, Matter of Kestenbaum v State Tax Commn., supra).

Respondent also found that the potential of reduced payments provided for in the partnership agreement rendered the annuity rule inapplicable (see, 20 NYCRR 131.4 [d] [2] [iii]). We have already concluded that the possibility that a portion of the payment might be deferred until later years was not sufficient to provide a rational basis for finding the payment a distributive share of partnership income. We reach a similar conclusion on the question of whether such a possible deferral makes the payment rate variable and, therefore, not in compliance with the requirements of 20 NYCRR 131.4 (d) (2) (iii).

Finally, as to the $35,862 listed in petitioner's return as other income, respondent concluded that petitioner had failed to sustain his burden of proving that such amount constituted retirement benefits paid by the partnership. We see no basis for disturbing this portion of the determination.

Determination modified, without costs, by annulling so much thereof as ruled that $136,324 constituted a distributive share of partnership income; matter remitted to respondent for further proceedings not inconsistent herewith; and, as so modified, confirmed. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.