In the Matter of ERNEST E. NORRIS, Petitioner, v STATE TAX COMMISSION, Respondent.—Weiss, J.

Petitioner is a retired employee of a New York City advertising agency who moved to Florida and contends that the $160,000 he received from his former employer in the years 1982 and 1983 pursuant to an agreement relating to compensation after termination of employment is excludable from State income as a nontaxable annuity. Notably, petitioner's status as a bona fide nonresident is not controverted here. Following a hearing, respondent sustained the notice of deficiency and denial of a refund claim, finding that the payments received pursuant to the agreement do not constitute an annuity because they fail to satisfy the requisites of 20 NYCRR 131.4 (d) (2) (iii). This CPLR article 78 proceeding to annul the determination ensued.

The sole issue is whether respondent properly determined that petitioner's annual retirement benefits did not qualify as a nontaxable annuity within the scope of 20 NYCRR 131.4 (d) (2) (iii). This regulation provides the following qualifications:

"[A retirement benefit] must be payable:

"(a) at a rate which remains uniform * * * or

"(b) at a rate which varies only with:

"(1) the fluctuation in the market value of the assets from which such benefits are payable;

"(2) the fluctuation in a specified and generally recognized cost-of-living index; or

"(3) the commencement of social security benefits; or

"(c) in such a manner that the total of the amounts payable is determinable at the annuity starting date".

Here, the benefits are paid pursuant to a written severance agreement which, as amended, provides that the annual amount will be the lesser of the final year's salary ($160,000) or petitioner's share (.8%) of the firm's profits. Thus, by the very terms of the agreement, the benefits are not uniform, but depend upon and vary with the amount of the former employer's profits for the year in question. The subject regulation does not authorize a rate variation dependent upon the former employer's profits *(see,* 20 NYCRR 131.4 [d] [2] [iii] [a], [b]). Nor does the benefit qualify as an annuity under 20 NYCRR 131.4 (d) (2) (iii) (c) because payments commenced prior to the close of the 1982 tax year and the total amount payable could not be determined at the annuity starting date.

Petitioner principally relies upon *Matter of Pidot v State Tax Commn.* (118 AD2d 915, *affd* 69 NY2d 837), which held that the potential of reduced payments did not render the annuity rule inapplicable because any reduction in annual payments due to the former employer's reduced earnings remained due and owing, to be paid in subsequent years. There is no similar provision for the potential deferral of a portion of the retirement benefit here. On the contrary, the agreement provides for payments at a variable rate keyed into the employer's annual profits, a condition or term simply not authorized by the regulation. Hence, respondent's determination that the payments do not constitute a nontaxable annuity is rational and supported by substantial evidence in the record.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.